PETITIONER/DEFENDANT
ROBERT CLYDE RAINS
U.S.M.#91659-022
F.D.C. HONOLULU
P.O. Box 30080
HONOLULU, HAWAII 96820

UNITED STATES DISTRICT COURT
THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2006
at 3 o'clock and 15 min P M
SUE BEITIA, CLERK

| UNITED STATES OF AMERICA | ) | CR. NO. 05-00233 JMS |
| Plaintiff, | ) | |
| Vs. | ) | INEFFECTIVE ASSISTANCE OF COUNSEL |
| | ) | |
| ROBERT CLYDE RAINS | ) | |
| DEFENDANT. | ) | |

### MOTION TO SET ASIDE JUDGEMENT

Now come the Defendant with/without counsel and respectfully request this Honorable Court to review the above styled Cr. No. 05-00233 JMS for a violation of the U.S. Constitutional Sixth Amendment Right to effective assistance of counsel. In support of these said claims are as follows:

The Defendant is now aware that sentencing was a very critical stage of a criminal proceeding and perhaps the most important, that effective legal representation at sentencing is critical in reaching determinations to accurately and fairly administer justice.

The Defendant argues that his present attorney mislead him to entering a plea agreement by stating a minimal amount of time will infact be administered at sentencing. The Defendant agreed and took Defense counsel advice, The Defendant then elected to cooperate with authorities, also to help the Government by entering the above stated plea agreement. However, the sentencing decision did not rest on reliable information and considerations.

A sentence that rests on "improper or inaccurate" information allegations that are "materially untrue" violates due process. Dorszynski v. United States, 418 U.S. 424, 431 n.7, 41 L. Ed. 2d 855m 94 S.Ct. 3042 (1974); Townsend v. Burke, 334 U.S. 736, 741, 92 L. Ed. 1690, 68 S.Ct. 1252 (1948).

The Defendant is aware that "counsel has a constitutional duty to make reasonable investigations or to make reasonable decisions that make particular investigation unessary". Strickland v. Washington, 466 U.S. 688, 691, 80 L. Ed. 2d 674, 104 S.Ct. 2052 (1984). The Sixth amendment requires investigation and preparation, not only to exonerate,

but to secure and protect the rights of the accused, such Constitutional Rights are granted to the innocent and Guilty alike, and failure to investigate and file appropriate motions is ineffectiveness <u>Kimmelman v. Morrison,</u> 477 U.S. 365, 91 L. Ed. 2d 305, 106 S.Ct. 2574 (1986).

A Lawyers duty to investigate is virtually absolute, regardless of a client's expressed wishes. <u>Silva v. Woodford,</u> 279 F.3d 825 ( 9th Cir. 2002).

Counsel has the constitutional and professional obligation to conduct an investigation into potential mitigating evidence, if counsel conducts an inadequate investigation "that the fact would have no effect on the deficient conduct prong of <u>Strickland</u> because counsel had already demonstrated in effectiveness by failing to thoroughly investigate the existence of mitigation factor." <u>Summerlin v. Schriro,</u> No. 98-99002 (9th Cir. 2005).

The Defendant argues that do to defense counsel's unprofessional errors and failures to file timely sentencing memo, an on "record" will show that defense counsel did not file the sentencing memo untill the same day of sentencing which resulted in postponement of sentencing, Defendant points out that his family members flew in from Oregon in support to the Defendant's sentencing date at the family members expense. So because of counsel failures to file timely, the Defendant's family could not afford to stay over for the next scheduled date for sentencing.

The Defendant has several other issues in regards to ineffective assistance, as to §13a.(2) of defendants plea agreement. The Defendant was not aware of these waivers and with counsel failures to introduce and/or point out these very important issues is ineffectiveness with respects to the court the Defendant would like to point out the fact that he knows very little about how our Federal Laws work and how our U.S. Constitutional rights are applied to these laws. Also while being incarcerated the defendant has very limited access to legal materials and research. Therefore the Defendant depended entirely on the professional and said expert in criminal law "defense counsel."

The Defendant will also argue that do to the ineffective assistance of counsel, and the information that counsel failed to make sure the Defendant was well aware of, and the coercion that lead the Defendant to believe the Defendant could not challenge any of

challenge any of these allegations against him was infact a very serious violation of his U.S. constitutional rights.

Wherefore premises considered the Defendant can only pray that this Honorable Court conduct a hearing to determine the scope of these allegations, and if determined valid, with ineffectiveness in mind would that destroy the integrity of our Federal Justice System. Thank You!

## DECLARATION

I, ___Robert C. Rains___, declare under penalty of perjury that I have read and subscribe to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed on __3-08-06__ at __FDC Honolulu__
               (date)                (Place)

___Robert C. Rains___
(Signature of Petitioner)

_____
Signature of Attorney (if any)